JUSTICE BARZ,
dissenting.
I respectfully dissent from the majority opinion. I would affirm the District Court’s conclusion that there is no general or specific jurisdiction over Wells Fargo and Holly in Montana. Now the Eighth Judicial District Court is faced with yet another complex case to handle in an inadequately funded and overburdened system involving an out-of-state corporate plaintiff and two out-of-state corporate defendants.
The plaintiffs’ complaint is predicated on the defendants’ alleged tortious acts resulting from a 1988 purchase agreement wherein Wells Fargo sold the plaintiffs’ debt of over $24 million to Holly. Wells Fargo is a California bank and Holly is a Texas corporation. The contract was negotiated and executed in Texas. Prior to the debt purchase, the plaintiffs were involved in discussions in Arizona.
At the time the complaint was filed, Wells Fargo had no assets, property, offices, agents, representatives or employees in Montana. Furthermore, at the time of filing of the complaint all of their recorded security interests had been transferred. The plaintiffs cannot satisfy the requirements of Rule 4B and do not satisfy the three-part due process analysis of Simmons v. State (1983), 206 Mont. 264, 271, 670 P.2d 1372, 1376.
As the Court noted in Simmons, 670 P.2d at 1380:
“Interstate communication is an almost inevitable accompaniment to doing business in the modern world, and cannot by itself be considered a ‘contact’ for justifying the exercise of personal jurisdiction.”
The few phone contacts and mailings of Wells Fargo after 1985 do not provide crucial minimum contacts. The claims of the plaintiffs in its complaint do not arise out of Wells Fargo’s Montana contacts. The complaint alleges that defendant Wells Fargo refused to provide the plaintiffs with an opportunity to repurchase the debt on the same terms as Holly. The rationale that these claims purportedly arose while Wells Fargo “controlled” the Montana refinery in 1983 and 1984 *92 is irrelevant. Finally, it is the plaintiffs’ burden to demonstrate that jurisdiction over Wells Fargo is reasonable. According to the assertion of Wells Fargo there is not one witness in Montana, all witnesses are located elsewhere.
The Montana courts also do not have specific jurisdiction over Holly in light of the plaintiffs’ complaint. The complaint does not establish that any of the claims arose out of Holly doing business in Montana, fails to allege any tort that Holly committed accrued in Montana and fails to establish that Holly itself owns any Montana property. Finally, this action filed by the plaintiffs has a strong suggestion of forum-shopping for a friendly Montana jury receptive to its claims and should not be allowed to proceed in the courts of this State.